# FILED UNDER SEAL

Petition12C – Rev. 6/18



T-Sealed

# UNITED STATES DISTRICT COURT
## for
## Arizona
### Petition for Warrant to Revoke Supervised Release

| | | | |
|---|---|---|---|
| Name of Offender: | **Donald Douglas Scarlett, III** | Case No.: | **CR-22-00741-001-TUC-CKJ (MSA)** |
| Name of Judicial Officer: | **The Honorable Cindy K. Jorgenson**<br>**Senior United States District Judge** | | 2:23-mj-787-DJA |
| Date of Original Sentence: | **10/3/2022** | | |
| Original Offense: | **Count 1: Conspiracy to Transport Illegal Aliens for the Purpose of Profit, 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i), a Class C Felony** | | |
| Original Sentence: | **18 months Bureau of Prisons, 36 months supervised release** | | |
| Type of Supervision: | **Supervised Release** | Date Supervision Commenced: | **6/27/2023** |
| | | Date Supervision Expires: | **6/26/2026** |
| Assistant U.S. Attorney: | **Micah Schmit**<br>**520-620-7306** | Defense Attorney: | **Thomas Edward Higgins**<br>**520-624-8663** |

Petitioning the Court to issue a Warrant to Revoke Supervised Release

The probation officer alleges Donald Scarlett has violated the following condition(s) of supervision:

| Allegation | Nature of Noncompliance |
|---|---|
| A | **Standard Condition #1** which states, You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.<br><br>On June 27, 2023, Donald Scarlett was released from Bureau of Prisons. He failed to report to probation within 72 hours of released from imprisonment and his whereabouts is unknown. This is evidenced by probation officer testimony. Grade C violation. §7B1.1(a)(3) |

CC: USM, AUSA, Probation

FILED ___ ENTERED ___ RECEIVED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 28 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Page 2
RE: Donald Douglas Scarlett, III
Petition to Revoke Supervised Release
July 28, 2023

    B    **Special Condition #5** which states, You must reside at and participate in a Residential Reentry Center, a residential substance abuse treatment program, a 12-step based halfway house, a sober-living environment, or any combination thereof as approved and directed by the probation officer for up to 180 days, unless discharged earlier by the probation officer. You must follow all rules and regulations. You shall contribute to programming costs in an amount determined by the probation officer.

On June 27, 2023, Donald Scarlett was released from Bureau of Prisons and failed to report to Dismas Charites Residential Reentry Center (RRC). This is evidenced by probation officer testimony and RRC records. Grade C violation §7B1.1(a)(3).

Page 3
RE: Donald Douglas Scarlett, III
Petition to Revoke Supervised Release
July 28, 2023

## U.S. Probation Officer Recommendation and Justification

Donald Scarlett has violated the trust of the Court. A warrant is recommended to initiate revocation proceedings as Donald Scarlett's whereabouts are unknown.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge:

_____   7/28/2023
Pauline N. Ware            Date
U.S. Probation Officer
Office: 520-205-4572
Cell: 520-488-3620

_____   7/28/2023
Debra A. Winchester         Date
Supervisory U.S. Probation Officer
Office: 520-205-4498
Cell: 520-861-2930

### The Court Orders

☐ No Action
☒ The Issuance of a Warrant
☐ The Issuance of a Summons
☐ Other

_____   8/1/2023
The Honorable Cindy K. Jorgenson   Date
Senior United States District Judge

Memo12C – Rev. 10/13



# United States District Court
District of Arizona
## Probation Office
# MEMORANDUM

**DATE:** July 28, 2023

**TO:** The Honorable Cindy K. Jorgenson
Senior United States District Judge

**FROM:** Pauline N. Ware
U.S. Probation Officer
Office Phone: 520-205-4572
Cell Phone: 520-488-3620

**RE:** Donald Douglas Scarlett, III
Case No. CR-22-00741-001-TUC-CKJ (MSA)
**SUPERVISED RELEASE VIOLATION REPORT/WARRANT REQUESTED**

## VICTIM NOTIFICATION

Not required pursuant to 18 U.S.C. § 3771.

## RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION

A Grade C violation combined with a Criminal History Category III results in a revocation range of five to 11 months imprisonment. U.S.S.G. §7B1.4(a).

The statutory maximum term of imprisonment allowable upon revocation is 24 months as the offense that resulted in the term of supervised release is a Class C Felony. 18 U.S.C. § 3583(e)(3).

At the time of sentencing, the offender's original guideline sentencing range was 18 to 24 months, and the offender was sentenced to 18 months prison, followed by 36 months supervised release.

## SENTENCING OPTIONS

Upon a finding of a Grade C violation, the Court may (A) revoke supervision or (B) modify the conditions of supervision. U.S.S.G. §7B1.3(a)(2).

In the case of a Grade C violation where the minimum term of imprisonment determined under U.S.S.G. §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by A) a sentence of imprisonment or B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e) for any portion of the minimum term. U.S.S.G. §7B1.3(c)(1).

Although 18 U.S.C. § 3583(e)(3) applies (the instant offense occurred on or after April 30, 2003), the maximum available supervised release term is 36 months as no prior revocations have occurred.

Page 2
RE: Donald Douglas Scarlett, III
Supervised Release Violation Report
July 28, 2023

### DEPARTURE FACTORS TO BE CONSIDERED

While the probation officer has not identified factors relevant to sentencing outside the revocation policy range, this does not preclude the Court or counsel from considering additional factors at the disposition hearing.

### UNSERVED SANCTION ADJUSTMENT

Any outstanding restitution, fine, community confinement, home detention, or intermittent confinement balance shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. §7B1.4. In addition, any unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. U.S.S.G. §7B1.3(d).

The special assessment imposed in the original sentence has not been satisfied. The outstanding balance of $100.00 shall be ordered to be paid in addition to any sentence imposed. The outstanding balance of JVTA assessment $5000.00 shall be ordered to be paid in addition to any sentence imposed. U.S.S.G. §7B1.3(d). U.S.S.G. §7B1.3(d).

The Court imposed a 180-day period of community confinement. The offender has a balance of 180 days that may be converted to an equivalent additional term of imprisonment. U.S.S.G. §7B1.3(d).

### OFFICIAL DETENTION

None.

### HISTORY OF COURT ACTION

| Court Date and Action | Circumstance(s) |
|---|---|
| 10/3/2022: Sentenced to 18 months Bureau of Prisons; and 36 months supervised release | Instant Offense: Count 1: Conspiracy to Transport Illegal Aliens for the Purpose of Profit, U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i), a Class C Felony |

Page 3
RE: Donald Douglas Scarlett, III
Supervised Release Violation Report
July 28, 2023

## ADJUSTMENT TO SUPERVISION

On October 3, 2022, David Scarlett was sentenced for Conspiracy to Transport Illegal Aliens for Profit. In addition to standard conditions of supervision, the Court imposed the following special conditions: substance abuse treatment, substance abuse testing, warrantless search, financial disclosure, residential reentry center, collection of DNA. Scarlett was released from the Bureau of Prisons on June 27, 2023.

As of the writing of this memo David Scarlett has not reported to the probation office or residential reentry center Dismas Charities. His whereabouts is unknown, and he has not attempted to make contact with the undersigned officer. At this time, a warrant is being sought.

## RECOMMENDATION

It is respectfully recommended the Court issue a warrant.

_____  7/28/2023
Pauline N. Ware              Date
U.S. Probation Officer
Office: 520-205-4572
Cell: 520-488-3620

_____  7/28/2023
Debra A. Winchester          Date
Supervisory U.S. Probation Officer
Office: 520-205-4498
Cell: 520-861-2930

Approve _____ Date: 8/1/2023

Disapprove _____ Date: _____

Consult with Court _____ Date: _____

Other _____ Date: _____

AO 442 (Rev. 11/11) Arrest Warrant (Page 1)

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. CR-22-00741-001-TUC-CKJ (MSA) |
| Donald Douglas Scarlett, III | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Magistrate Judge without unnecessary delay *(name of person to be arrested)* Donald Douglas Scarlett, III,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18:3583: Violation of Supervised Release

Date: August 1, 2023

*Issuing officer's signature*

City and state: Tucson, Arizona

Tiffany Dame, Deputy Clerk
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

cc: USM, AUSA, Probation